P. O. RONDQUIST *vs.* SAMUEL HIGHAM and another.

July 1, 1885.

**Sale—Warranty by Agent—Liability of Agent.**—An agent *held* bound by his personal warranty upon the sale of a harvesting machine belonging to his principal, which was accepted by the purchaser without trial, in reliance upon such warranty.

Evidence considered, and *held* sufficient to sustain the verdict.

Plaintiff brought this action in the district court for Goodhue county, to recover damages for an alleged breach of warranty made by defendants on a sale of a harvesting machine. Defendant Higham appeals from an order by *McCluer, J.,* refusing a new trial, after a verdict for plaintiff.

*J. C. McClure,* for appellant.

*James W. Bass,* for respondent.

VANDERBURGH, J. The plaintiff entered into negotiations with the defendants, as agents of Fuller & Johnson, manufacturers, for the purchase of a self-binding harvester, and as the result thereof signed an order, bearing date April 5, 1881, directed to Fuller & Johnson, for a harvester, to be delivered at Red Wing on or before July 15, 1881, and in the same writing agreed, "in consideration thereof, to accept and pay for the same   *   *   *   in approved or satisfactorily

secured notes, * * * provided the machine fulfils the printed warranty this day given me by Fuller & Johnson." Plaintiff's dealings were wholly with defendants as such agents. The defendants received a machine for plaintiff in pursuance of the order, but under their contract with their principals they were only permitted to deliver it upon the receipt of a particular kind or class of securities. The plaintiff was not able to furnish the required security, and thereupon it appears the defendants undertook to complete the sale on their own responsibility; that is to say, to accept plaintiff's notes running to themselves, and they, in turn, to become responsible for the amount due Fuller & Johnson. Plaintiff also made a larger cash payment to them, by $25, than stipulated in the original order. The evidence also tends to show that, before completing the contract and the execution of his notes to defendants, he insisted upon his right to have the machine "set up and proved, so that he could see if it would work;" and that thereupon the defendants assured him that it was "proved" already, and "guarantied it one of the best in the market;" and that, relying upon these assurances, he executed the notes, and at the same time defendants agreed to set up the machine and put it in good running order, upon notice by plaintiff. There is also evidence tending to prove that the machine did not work well, and was inferior as a binder, and that, through their negligence and delay in setting it up, plaintiff was damaged. The evidence went to the jury without exception, and the sole question is whether there is sufficient evidence in the case to support the verdict.

The language imputed to defendants might be interpreted by the jury as an assurance that the machine needed no testing, and could be relied on by plaintiff, and that in quality it was among the best. Fuller & Johnson would not part with the machine on plaintiff's security, and he had a right to insist upon the condition that it should fulfil their warranty, and, before consenting to execute notes running to the defendants on the completion of a contract in which they were interested, and to accept the machine without being tried, he might reasonably be expected to require a warranty from them, and that they should undertake to put the machine in running order. The evidence also tends to show that defendants' alleged representations

and agreement were made as a part of the transaction when the notes were given and machine accepted. Under all the circumstances, therefore, we think the jury might find a warranty, and that sufficient consideration appears for defendants' undertaking.

It is true, the plaintiff stated on his cross-examination that the only contract which he made was the written order; that he thought he was bound by it, and would have to pay for the machine, and had better take it. But this must be understood and considered with other evidence in the case. The circumstances of the execution of the notes to defendants, and the acceptance of the machine without trial, are not disputed; and one of the defendants testifies that "the plaintiff objected to taking the machine and giving his notes without first taking it out and trying it; we would not let him have it unless notes were given, secured on the horses." Also, that they agreed to send a man out to set up the machine. Under such circumstances it was reasonable for plaintiff to require a warranty of defendants.

We think there was a case made for the jury upon the evidence, and that the order denying a new trial should be affirmed.